LUMBERMENS MUTUAL CASUALTY COMPANY, Plaintiff,

v.

Mildred O. BROOKE, and Josiah Lyman, Successor Committee of the Person and Estate of Mildred O. Brooke in Mental Health Case No. 1553–48, Defendants.

Civ. A. No. 4043–62.

United States District Court District of Columbia.

June 26, 1963.

Warren E. Magee, Washington, D. C., for plaintiff.

Thomas M. Raysor, Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

This is a suit filed by an employer's compensation carrier for the return of certain monies paid under a compensation award to a disabled employee and to the employee's Committee. The complaint is in two counts, one alleging an account stated, the other alleging money had and received without consideration. Defendants have moved to dismiss both counts of the complaint, and in the alternative for summary judgment thereon, asserting that the court lacks jurisdiction over the subject matter since, it is argued, the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S.C. §§ 901–950 [hereinafter called the

"Compensation Act"], under which authority the compensation award was made, bars suits of this nature.

On January 8, 1947, Mildred O. Brooke, one of the defendants herein, was awarded compensation by order of the Deputy Commissioner of the District of Columbia Bureau of Employees' Compensation, for temporary total disability arising out of and in the course of her employment. The award, made pursuant to the Compensation Act, included the following provision:

> The employer and the insurance carrier shall continue to furnish the claimant with such medical, surgical and other attendance or treatment, nurse and hospital service, medicine, etc., for such period as the nature of the injury or the process of recovery may require.

On June 2, 1949, the Deputy Commissioner filed a further order in which he found that defendant Brooke's total disability was continuing; that as a result of the injury she had become mentally incompetent; and that this court, on January 14, 1949, had appointed a Committee of her person and estate. The Deputy Commissioner thereupon ordered that the employer and carrier pay compensation to the Committee on behalf of the disabled employee.

On August 5, 1955, the employer and the carrier filed with the Bureau an application for review and modification of the award contained in the 1947 and 1949 compensation orders, pursuant to 33 U. S.C. § 922. The Deputy Commissioner made an investigation, held a hearing, and on February 15, 1956, made findings of fact, including the following findings:

> "that as a result of the injury the claimant suffered continuing physical pain and underwent repeated surgical operations over a period of years, suffered a material reduction in income, was unable to properly care for and supervise her children, and feared the loss of her home and family; that the continuing pain of the injury and its consequences, as found above, subjected the claim-

ant's mentality to severe and prolonged strain and precipitated her insanity; that the injury caused the claimant's insanity; that the claimant requires continuing medical treatment and institutional care as a result of the injury and the employer and the insurance carrier are liable therefor."

Upon the foregoing findings, the Deputy Commissioner ordered that the application of the employer and carrier for review and modification of the existing award be denied on the ground that there had been no change in conditions and no mistake in any determination of fact. There has been no subsequent application for modification of the awards. Thus the award of January 8, 1947 and the award of June 2, 1949, remain in full force and effect at the present time.

On February 27, 1958, the District Court, pursuant to procedures authorized in mental health cases, ordered the transfer of Mildred O. Brooke from a sanitarium and hospital to a nursing home. Plaintiff alleges that since February 27, 1958, the defendant Brooke "has not received any hospital or institutional care and she has not been confined to any hospital or mental institution for any such care or treatment" and that since that date plaintiff has paid "[o]n mutual mistake and through error, * * without any consideration therefor or without any liability therefor, on the mistaken theory that the defendant, Mildred O. Brooke, was receiving hospital and/or institutional care," to the Committees of the defendant Brooke, a total of $11,560.86.[1] Plaintiff seeks to recover this amount.

The first question is whether the court has jurisdiction over such a claim. If it does not, then defendants' motion to dismiss the action must be granted.

The Compensation Act provides, in 33 U.S.C. § 921(d):

"Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section and section 918 of this title."

An award ordering the payment of medical services and supplies, pursuant to 33 U.S.C. § 907,[2] is a "compensation order" within the terms of 33 U.S.C. § 921(d). See Union Stevedoring Corp. v. Norton, 98 F.2d 1012, 1017 (3d Cir., 1938). The question, therefore, is whether the present suit is a proceeding "for suspending, setting aside, or enforcing a compensation order * * *."

It is true, of course, that plaintiff is not directly attacking the compensation order, but is claiming instead that payments made under the admittedly valid orders were not made in conformity with those orders because the payments were not for legitimate medical expenses or institutional care. Nor is plaintiff seeking to "suspend" the compensation orders for the future. And plaintiff obviously is not seeking to "enforce" the compensation against an unwilling employer. But this Court holds that plaintiff's suit is, in effect, an indirect attempt to "set aside" the compensation orders for a past period of time, and hence must conform to the procedures set forth in 33 U.S.C. §§ 918

1. The carrier has apparently selected a cut-off date in August, 1962. The present suit was filed December 29, 1962. It should be noted that there is a sharp dispute in the affidavits on file in this case over the nature of the medical or institutional care which defendant Brooke received between February 27, 1958, and August, 1962, defendants, of course, asserting that the care received was fully covered by the compensation awards and therefore properly paid by plaintiff.

2. "The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus for such period as the nature of the injury or the process of recovery may require. If the employer fails to provide the same, after request by the injured employee, such injured employee may do so at the expense of the employer. * * *" 33 U.S.C. § 907(a).

and 921, as required by 33 U.S.C. § 921 (d), supra.

Plaintiff is barred from proceeding under 33 U.S.C. § 921(b) which permits injunction suits against the deputy commissioner on the ground that a compensation order is "not in accordance with law," because the 30-day period for such suits, 33 U.S.C. § 921(a), has long since expired.

Plaintiff is also unable to proceed under 33 U.S.C. § 918(a), which provides a remedy for the disabled employee (not the employer) in the event that the employer defaults in his payments under any award. Section 918 gives the disabled employee the right, "within one year after such default," to apply to the deputy commissioner for a supplementary order declaring the amount of default, and the deputy commissioner then must make an investigation, give notice, hold a hearing on such claim, and issue a supplementary order if such is warranted.

By the terms of the above statutory provisions, plaintiff is barred from proceeding by way of the present suit, and the court has no jurisdiction to entertain the action. The statutory scheme clearly puts upon the employer (and carrier, if there is one) the burden of examining the validity of claims for medical payments *as these claims are presented*. The carrier cannot wait for over four years and then come into court and contest the validity of claims which it has long since paid. A good faith refusal to pay the claims at the time presented, however, would place upon the disabled employee the burden of going forward, under procedures such as those outlined in 33 U.S.C. §§ 918(a) and 921(c). Thus a timely investigation and a timely refusal to pay would not have left plaintiff without a remedy. Plaintiff simply waited too long, and its suit is thus barred as one to "set aside" a compensation award for a past period.[3]

The Court's conclusion that there is no judicial jurisdiction over plaintiff's claim is reinforced by the procedure for seeking a modification of a compensation award. 33 U.S.C. § 922 provides that upon the deputy commissioner's

"own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, * * *"

follow certain procedures for investigation and hearing, and then issue a new order. Thus the ground that the defendant Brooke herein no longer needs, and is no longer getting, institutional or medical care or any of the other types of medical payments allowed under 33 U.S.C. § 907(a), supra, would be the proper subject of an application for a modification of the compensation award. Even in such a case, however, the statute specifically prevents any new order from affecting any compensation previously paid, except that any past payments deemed under the new order (which can date back to the time of injury) to have been excessive can be deducted from future payments as they come due. Thus the statute provides plaintiff with a direct remedy—in the Bureau of Workmen's Compensation, not in a court. The statute also specifically bars any direct recovery of past amounts paid before the modification took effect. Initial determination by the Bureau of Workmen's Compensation, and finality of payment, are thus two important policies of the Act which apply directly to plaintiff's present suit.

In conformity with these policies, and with the language of 33 U.S.C. § 921(d), this Court must hold that plaintiff's complaint should be dismissed for lack of jurisdiction over the subject matter.

3. It should be noted that there is no claim of fraud in the present complaint. The Court is not indicating how it would decide such a case were it to arise. See Pillsbury v. Alaska Packers Ass'n, 85 F. 2d 758, 759 (9th Cir., 1936).

Plaintiff argues that the court has jurisdiction over defendant Brooke's person and estate by virtue of Section 21–301, D.C.Code, which gives the court "full power and authority to superintend and direct the affairs of persons non compos mentis * * *." Such authority, of course, is undoubted, but it does not create jurisdiction over a type of claim specifically barred by the Compensation Act. If defendant Brooke could be sued, then her Committee could also be sued. But the fact that a person has been adjudged mentally incompetent is obviously no ground for considering this suit any differently from a similar suit against any other disabled employee.

Defendants' motion to dismiss will be granted.